**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cecil C Garrett, | No. CV-21-02082-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Advantage Plus Credit Reporting Incorporated, | |
| Defendant. | |

This matter is before the Court on Plaintiff Cecil C. Garrett's ("Plaintiff") "Unopposed Motion for Final Approval of Class Action Settlement" (Doc. 74) ("Final Approval Motion") and "Motion for Attorneys' Fees, Costs, and Named Plaintiff's Service Award" (Doc. 71) ("Awards Motion"). On January 17, 2024, the Court held a Final Approval Hearing under Federal Rule of Civil Procedure 23 to determine whether settlement in this class action suit is proper. (Doc. 76) (the "Final Hearing"). The Court expressed concern at the parties' proposal to adjust each Class Member's recovery from $1,000 to $1,358, but otherwise found the terms of the parties' settlement in this action were fundamentally fair, reasonable and adequate. (*Id.*) As set forth below, the Court grants in part and denies in part Plaintiff's Final Approval Motion. The Court will also grant Plaintiff's Awards Motion.

## I. Background[1]

This class action suit arises under the Fair Credit Reporting Act ("FCRA"),

---

[1] The Court incorporates by reference the extensive background provided in its September 6, 2023, Amended Order (Doc. 69 at 2–4).

15 U.S.C. § 1681, *et seq*.   Plaintiff is a "consumer" as defined by the FCRA. (Doc. 41 at ¶ 16 (citing 15 U.S.C. § 1681a(c)).   Defendant Advantage Plus Credit Reporting Incorporated ("Advantage") is a "consumer reporting agency" as defined by the FCRA.   (*Id*. at ¶ 18 (citing 15 U.S.C. § 1681a(f)).   That is, Advantage assembles consumer credit information "for the purpose of furnishing consumer reports to third parties." 15 U.S.C. § 1681a(f).

### A.   Plaintiff's Allegations

In May 2021, Plaintiff and his wife were in the market for a new home and sought preapproval for a loan with non-party Homeowners Financial.   (Doc. 41 at ¶¶ 50–51). Homeowners Financial purchased a consumer report regarding Plaintiff from Advantage, and the report showed Plaintiff as "deceased" with no credit score.   (*Id*. at ¶¶ 52–54). Consequently, Homeowners Financial denied Plaintiff's home mortgage loan application and Plaintiff and his wife could not make an offer on their preferred house. (*Id*. at ¶¶ 55, 59).

On July 12, 2022, Plaintiff filed a First Amended Class Action Complaint ("FAC") (Doc. 41) against Advantage on behalf of himself and other similarly situated consumers. (*Id*. at ¶ 63).   Plaintiff brought a single cause of action: Count I for violation of 15 U.S.C. § 1681e(b).   (*Id*. at ¶¶ 70–79).   Plaintiff alleged Advantage failed to follow reasonable procedures to assure maximum possible accuracy when it "assembled, merged, and resold patently false consumer reports concerning Plaintiff and [similarly situated consumers], incorrectly indicating that they were deceased."   (*Id*. at ¶ 73).   He further claimed Advantage's violation of the FCRA was willful and so it is liable for statutory damages under 15 U.S.C. § 1681n(a).   (*Id*. at ¶ 77).

### B.   The Parties' Proposed Settlement

On November 11, 2022, Plaintiff filed his original Motion to Certify Class (Doc. 50).   This prompted the parties to engage in arm's length negotiations.   (Doc. 63). To resolve Plaintiff's Count I, the parties ultimately formalized a Settlement Agreement & Release (Doc. 65-1) (the "Agreement") and Class Action Settlement Notice (*id*. at 23–29)

(the "Notice").   Plaintiff subsequently filed an "Unopposed Motion for Preliminary Approval of Class Action Settlement" (Doc. 65) ("the Preliminary Approval Motion") under Rule 23.[2]

The Agreement defines the Proposed Settlement Class as all natural persons who were the subject: (1) of a consumer report furnished by Defendant to a third party from December 8, 2019 through November 2021; (2) where the consumer report contained a notation that the consumer was deceased from at least one of Experian, Equifax, or Trans Union; and (3) where at least one other of Experian, Equifax, or Trans Union did not contain a deceased notation.  (Doc. 65-1 at ¶ 3.1).  The Settlement Class does not include Advantage's officers, directors, and employees, Parties' counsel, any judge overseeing or considering the approval of the Settlement, together with members of their immediate family and any judicial staff.  (*Id.*)   At the time the parties sought preliminary approval, there was an estimated 91 Class Members.  (*Id.*)

The Agreement establishes a total Settlement Fund of $96,000.  (*Id*. at ¶¶ 1.12–1.13).  At the time of the Court's preliminary approval, the parties intended to distribute the $96,000 settlement fund as follows: $5,000 to Plaintiff as his service award and $1,000 to each of the 91 Class Members.  (Docs. 65 at 4; 69 at 3).  Advantage also agrees to pay $99,000 into a separate Settlement Attorneys' Fees and Plaintiff intends to petition the Court to approve the distribution of fees in an amount not to exceed $99,000.  (Doc. 65-1 at ¶ 1.15).

On September 6, 2023, upon consideration of the Agreement, Notice, Preliminary Approval Motion, and the record, the Court entered an Order conditionally granting class certification and preliminary approval of the proposed settlement (Doc. 69) ("Preliminary Approval Order").  The Court preliminarily approved the Agreement, approved the Notice to be disseminated to the Class, and set the date and time of the Final Hearing.

### C.    The Final Hearing

The Final Hearing was held on January 17, 2024, under Rule 23 to determine

---

[2] Unless where otherwise noted, all Rule references are to the Federal Rules of Civil Procedure.

1    whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the
2    best interest of the Class Members.  (Doc. 76).  In advance of the Final Hearing, Plaintiff
3    filed his Final Approval Motion, representing that the Opt-Out and Objections Deadline
4    passed on November 27, 2023, and no opt-outs or objections were received by Class
5    Counsel.  (Doc. 74 at 5).  In any event, no Class Member appeared at the Final Hearing.
6    Plaintiff also represented that the total Class list was reduced to 67 members after proper
7    discovery conducted through Advantage's data vendors.  (*Id*. at 4).  To account for this
8    change, the parties proposed to distribute the $96,000 settlement fund as follows: $5,000
9    to Plaintiff as his service award and $1,358 to each of the 67 Class Members.  (*Id*.)

10   **II.    Discussion**

11       The Court has read and considered the Agreement, Final Approval Motion, Awards
12   Motion, and the record as a whole, and makes the following findings:

13       **A.    Class Certification**

14       Final approval of a class action settlement requires, as a threshold matter, an
15   assessment of whether the class satisfies the requirements of Federal Rule of Civil
16   Procedure 23(a) and (b).  *Hanlon v. Chrysler Corp*., 150 F.3d 1011, 1019–22 (9th Cir.
17   1998).  Because no facts that would affect these requirements have changed since the Court
18   preliminarily approved the class on September 6, 2023, this Order incorporates by
19   reference its prior analysis under Rules 23(a) and (b) as set forth in the Preliminary
20   Approval Order.  (Doc. 69).  Accordingly, class certification is granted.

21       **B.    Settlement Agreement**

22       The Court finds that adequate notice was sent to the Settlement Class as required by
23   the Preliminary Approval Order.  (Doc. 69 at 23 (approving Doc. 65-1 at 23–29)).  No
24   Class Member objected or requested to be excluded from the Class (Doc. 74 at 5), and no
25   Class Member appeared at the Final Hearing.  However, the Court expressed concern at
26   the Final Hearing regarding the parties' proposal to adjust each Class Member's recovery
27   from $1,000 to $1,358.  (*See id*. at 4).  This adjustment is not permitted by the FCRA, and
28   the Court will approve the $1,000 recovery distribution as originally proposed.

- 4 -

(*See* Doc. 65 at 4).

The United States Supreme Court has confirmed that under the FCRA, "'[a]ny person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer' for actual damages *or* for statutory damages not less than $100 and not more than $1,000, *as well as* for punitive damages and attorney's fees." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 419 (2021) (quoting 15 U.S.C. § 1681n(a)) (emphasis added). The Ninth Circuit has noted that the FCRA's legislative history does not "shed any light on the purposes of the statutory damages provision." *Bateman v. Am. Multi-Cinema, Inc.*, 623 F.3d 708, 718 n.7 (9th Cir. 2010). Nonetheless, the Ninth Circuit has "presume[d] that the statutory damages serve a compensatory function" for two main reasons. *Id*. at 718. First, the FCRA "provide[s] a consumer the option of recovering either actual or statutory damages, but not both," which "supports the presumption that they serve the same purpose." *Id*. Second, the statute also provides for punitive damages, "which further suggests that the statutory damages provision has a compensatory, not punitive, purpose." *Id*.

At the Final Hearing, the parties clarified (1) they agreed to statutory damages over actual damages; and (2) they did not agree to any punitive damages because Defendant is not admitting to any fault. The parties further sought to characterize the excess $358 recovery as "additional compensatory damages" allowed under the FCRA. The Court acknowledges the parties' desire to provide Class Members with $358 over and above what is permitted under the FCRA. However, nothing in the law permits the Court to do so absent proof of actual damages or a separate award of punitive damages. *See Bateman*, 623 F.3d at 718. Therefore, as originally agreed upon by the parties, each Class Member shall receive the maximum statutory amount of $1,000. All remaining residual funds shall be distributed to Public Justice as the parties' *cy pres* recipient.

With this modification, the Court finds that settlement of this matter on the terms and conditions set forth in the Agreement is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits

1   to the Class Members; the strength of the Plaintiff's alleged claims; the strength of

2   Defendant's alleged defenses; the risk, complexity, expense, and probable duration of

3   further litigation; the risk and delay inherent in possible appeals; the risk of collecting any

4   judgment obtained on behalf of the Class; and the extent of discovery completed and the

5   stage of the proceedings.  *See McKinney-Drobnis v. Oreshack*, 16 F.4th 594, 609 (9th Cir.

6   2021) (citing *Churchill Vill., L.L.C. v. Gen. Elec.,* 361 F.3d 566, 575 (9th Cir. 2004)).

7       **C.    Awards for Attorney Fees, Costs, and Plaintiff's Service**

8       Class Counsel has also filed an Awards Motion (Doc. 71), of which there is no

9   opposition from Advantage (Doc. 73).  The Awards Motion proposes that, according to the

10  Agreement, $99,000 separate from the Settlement Fund will be awarded for

11  Class Counsel's reasonable attorneys' fees and costs and $5,000 from the Settlement Fund

12  will be awarded for Plaintiff's service award.  (Doc. 71 at 2).  Although the Court approved

13  the Agreement and the Plaintiff's $5,000 service award at the Final Hearing, the Court took

14  Class Counsel's request for attorneys' fees and costs under advisement.  For the following

15  reasons, the Court finds the fee request is reasonable and will grant the Awards Motion.

16      When considering a request for fees, the court maintains "an independent obligation

17  to ensure that the award, like the settlement itself, is reasonable, even if the parties have

18  already agreed to an amount."  *In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d

19  935, 941 (9th Cir. 2011).  "[Where] a settlement produces a common fund for the benefit

20  of the entire class, courts have discretion to employ either the lodestar method or the

21  percentage-of-recovery method" in determining reasonable attorneys' fees.  *Id*. at 942.

22  Because the Agreement provides that fees will not be paid from the Settlement Fund, the

23  Court will apply the lodestar method.  *See e.g.*, *Ryan v. Am. Inst. of Tech., Inc.*, 2011 WL

24  995940, at *1 (D. Ariz. Mar. 21, 2011).

25      Courts calculate the "lodestar" amount by "multiply[ing the] number of hours

26  reasonably expended by attorneys on the litigation by reasonable hourly rate, [and] raising

27  or lowering lodestar according to factors identified by this circuit."[3]  *McElwaine v. US W.,*

28  ─────────────────────────────────
    [3] To determine whether a request is reasonable, courts assess the following factors: "(1) the
    time and labor required, (2) the novelty and difficulty of the questions involved, (3) the

*Inc.*, 176 F.3d 1167, 1173 (9th Cir. 1999).  The Court must support an attorneys' fees award with "findings that take into account all of the circumstances of the case." *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048 (9th Cir. 2002).  However, "[t]he Ninth Circuit has instructed that because the amount of fees is often open to dispute and because the parties [have] compromise[ed] to avoid further disputes, the district court need not inquire into the reasonableness of fees with the same level of scrutiny as when the amount of fees is litigated." *Wood v. Ionatron, Inc.*, 2009 WL 10673479, at *5 (D. Ariz. Sept. 28, 2009) (citing *Staton v. Boeing Co.*, 327 F.3d 938, 966 (9th Cir. 2003)).

Here, Class Counsel is entitled to an award of reasonable attorneys' fees and expenses in connection with the approved Agreement.  Fed. R. Civ. P. 23(h); 15 U.S.C. § 1681n(a)(1)(3) (the FCRA's fee-shifting statute).  Upon review of Plaintiff's Awards Motion and all documents submitted in support thereof, including Class Counsel's itemized time sheets and expenses (Doc. 72-1) and supporting affidavit (Doc. 72), the Court finds the 216.4 hours of work performed by attorneys and 64 hours by support staff were reasonably spent on this matter.  (*Id.* at ¶ 4).  Class Counsel further represents the relevant rates charged as follows: $645 per hour for the Senior Counsel; $980 per hour for the Executive Shareholder; $720 per hour for the Shareholder; $425 per hour for the Paralegal; $260 per hour for the Legal Assistants; and $295 per hour for the Legal Project Analyst.  (*Id.*)  Class Counsel's requested hourly rates are reasonable given that courts within this circuit have awarded fees based on similar rates.  *See e.g.*, *Wit v. United Behavioral Health*, 578 F. Supp. 3d 1060, 1078–79 (N.D. Cal. 2022) (approving attorney hourly rates of $1,040 (24 years of experience) to $595 (6 years of experience)).  Class Counsel's rates have also been approved in the jurisdiction where Class Counsel normally practices.  *See e.g.*, *Taylor v. Inflection Risk Sols., LLC*, No. 20-cv-2266, ECF

---

skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases." *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *cert. denied*, 425 U.S. 951 (1976); *see also* LRCiv 54.2(c)(3).

No. 94 (D. Minn. Nov. 15, 2022).

When multiplying the hours worked by each Class Counsel member's hourly rate, the presumptive reasonable attorney fees under the lodestar method is $174,313. (*Id*. at ¶ 4). Class Counsel further state they incurred $7,057.57 in costs, including expert, transcripts, and filing fees. (*Id*. at ¶ 7). By comparison, the Agreement only provided for an award of $99,000 and Class Counsel only requests an award of $99,000. The requested attorneys' fee award, inclusive of costs, is thus less than the lodestar amount. The Court also takes into consideration that the parties reached an agreement on the fee award following an arms-length negotiation, and that the Notice expressly advised class members that Class Counsel would seek up to $99,000 in attorneys' fees, costs, and expenses and no Class Member objected to this. (Doc. 65-1 at 27). Overall, the Court finds the requested award for fees and costs is reasonable and will grant the Awards Motion.

Accordingly,

**IT IS ORDERED** that:

1. <u>Jurisdiction</u>: The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

2. <u>Class Members</u>: The Lawsuit is hereby certified under Federal Rules of Civil Procedure 23(a) and (b)(3) as a class action on behalf of all natural persons who were the subject of a consumer report furnished by Defendant Advantage Plus Credit Reporting Incorporated to a third party from December 8, 2019 through November 2021, where the consumer report contained a notation that the consumer was deceased from at least one of Experian, Equifax, or Trans Union and where at least one other of Experian, Equifax, or Trans Union did not contain a deceased notation. Excluded from the Class are:

    a.    Defendant Advantage Plus Credit Reporting Incorporated's officers, directors, and employees;

    b.    the Parties' counsel;

    c.    any judge overseeing or considering the approval of the settlement of this matter, together with members of their immediate family and any

judicial staff; and

    b.    any individuals who submitted a valid exclusion request by the Opt-Out & Objections Deadline.

3.    <u>Class Representative and Class Counsel Appointment</u>: The Court certifies Plaintiff Cecil C. Garrett as the Class Representative and Berger & Montague PC as Class Counsel for the Class Members under Federal Rule of Civil Procedure 23.

4.    <u>Class Notice and Claim Form</u>: Class action notices and claim forms were mailed to all of the Class Members. The form and method for notifying the Class Members of the settlement and its terms and conditions satisfied the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. The Court finds that the proposed notice was clearly designed to advise the Class Members of their rights.  The notice requirements of the Class Action Fairness Act, 28 U.S.C. § 1715(d) have been satisfied.

5.    <u>Class Certification</u>: The Lawsuit satisfies the applicable prerequisites for class action treatment under Federal Rule of Civil Procedure 23, namely:

    a.    the Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

    b.    there are questions of law and fact common to the Class Members, which predominate over any individual questions;

    c.    the claims of Plaintiff Cecil C. Garrett are typical of the claims of the Class Members;

    d.    Plaintiff Cecil C. Garrett and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

    e.    Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

6.    <u>Fairness</u>: The settlement of the Lawsuit, on the terms and conditions set forth

in the Settlement Agreement & Release and as set forth below, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strength of Plaintiff Cecil C. Garrett's alleged claims; the strength of Defendant Advantage Plus Credit Reporting Incorporated's alleged defenses; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the Class; the limited amount of any potential total recovery for the Class; and the fact that Defendant Advantage Plus Credit Reporting Incorporated is paying to the Class the maximum statutory damages provided by law.

7.    <u>Agreement Terms</u>: The Settlement Agreement & Release, which is on file in this case, shall be deemed incorporated herein, and the proposed settlement set forth in the Agreement is finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The material terms of the Settlement Agreement & Release include, but are not limited to, the following:

     a.    Defendant Advantage Plus Credit Reporting Incorporated shall deposit $96,000 into the Settlement Fund as a common fund for the Class.

     b.    Class Counsel shall first distribute from the Settlement Fund a $5,000 service award to Plaintiff Cecil C. Garrett to compensate him for his unique services in initiating and maintaining this litigation as Class Representative.

     c.    Class Counsel shall then distribute from the Settlement Fund equal payments of $1,000, the maximum statutory amount, to each Class Member.  The checks to Class Members shall be distributed as provided for in the Agreement.

     d.    Following distribution, any residual funds will be directed to Public Justice as the designated *cy pres* recipient.

8.    <u>Objections and Exclusions</u>: The Class Members were given a fair and reasonable opportunity to object to the settlement. No Class Member objected to the settlement.  Additionally, no Class Member opted out of the settlement.  This order is

binding on all Class Members.

9.    <u>Release of Claims and Dismissal of Lawsuit</u>.   The individual and class releases set forth in the Settlement Agreement & Release are hereby approved.  Pursuant to the release contained in the Agreement, the Released Claims are hereby compromised, settled, released, discharged, and dismissed with prejudice by these proceedings and this Order. Plaintiff Cecil C. Garrett, the Class Members, and all of their heirs, executors, administrators, successors, assigns, and any person or entity acting for, on behalf of, or for the benefit of any such persons are hereby permanently enjoined from suing upon, pursuing, or demanding any legal or equitable relief for any of the Released Claims, save and except for the compensation set forth herein. This Order, the Agreement, and the existence and nature of the Settlement are not, and shall not be construed as, an admission by Defendant Advantage Plus Credit Reporting Incorporated of any liability or wrongdoing in this or in any other proceeding and may not be used as such.

10.    <u>Miscellaneous</u>: The Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuit and/or Settlement Agreement & Release, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this Order.

**IT IS FURTHER ORDERED** that Plaintiff Cecil C. Garrett's Unopposed Motion for Final Approval of Class Action Settlement (Doc. 74) is **GRANTED in part and DENIED in part** as stated herein.  The Parties and Class Counsel are directed to implement this Order and the Settlement Agreement & Release in accordance with the terms this Order and the Agreement.

**IT IS FURTHER ORDERED** that that Plaintiff Cecil C. Garrett's Motion for Attorney Fees (Doc. 71) is **GRANTED** in the amount of $99,000.00 for attorneys' fees and costs.  No other attorneys' fees will be sought and awarded other than those agreed to in the Settlement Agreement & Release.

/ / /

/ / /

1    **IT IS FINALLY ORDERED** that the Clerk is respectfully directed to enter

2    judgment according to the terms of this Order and terminate this action.

3    Dated this 11th day of April, 2024.

4

5

6    _____
     Honorable Diane J. Humetewa
7    United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28